Luis Alberto SUAREZ, Petitioner–
Appellant,

v.

Kevin ROONEY, Acting Commissioner,
Immigration and Naturalization Ser-
vice; John Ashcroft, Attorney Gener-
al, United States Department of Jus-
tice; Louis D. Crocetti, Jr., District
Director, Immigration And Natural-
ization Service; Douglas Devenuyns,
Wicomico County Detention Facility;
U.S. Immigration and Naturalization
Service, Respondents–Appellees.

No. 02–6170.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 5, 2002.

Decided Jan. 6, 2003.

**ARGUED:** Jay Schine Marks, MARKS
& KATZ, L.L.C., Silver Spring, Maryland,
for Appellant. Papu Sandhu, Senior Liti-
gation, Office of Immigration Litigation,
Civil Division, United States Department
of Justice, Washington, D.C., for Appel-
lees. **ON BRIEF:** Robert D. McCallum,
Jr., Assistant Attorney General, Emily
Anne Radford, Assistant Director, Office
of Immigration Litigation, Civil Division,
United States Department of Justice,
Washington, D.C., for Appellees.

Before NIEMEYER, WILLIAMS, and
TRAXLER, Circuit Judges.

Dismissed by unpublished PER
CURIAM opinion.

## OPINION

PER CURIAM.

Luis Suarez appeals the district court's
procedural dismissal of his 28 U.S.C.A.
§ 2241 (West 1994) petition in which he
sought to challenge his removal from the
United States by the Immigration and
Naturalization Service, claiming that he is
a United States citizen. The merits of
Suarez's case are currently before this
court in a separate proceeding, *see Suarez
v. INS*, No. 02–1813, in which Suarez ad-
vances the same challenge under 8
U.S.C.A. § 1252(b)(5) (West 1999) and
which is presently in the briefing stage.
Suarez's petition for review on the merits
renders moot the jurisdictional issue in the
current appeal by causing it to lose " 'its
character as a present, live controversy of
the kind that must exist if we are to avoid
advisory opinions on abstract propositions
of law.' " *Maryland Highways Contrac-
tors Ass'n, Inc. v. Maryland*, 933 F.2d
1246, 1249 (4th Cir.1991) (quoting *Diffen-
derfer v. Central Baptist Church*, 404 U.S.
412, 414, 92 S.Ct. 574, 30 L.Ed.2d 567
(1972)). Accordingly, we dismiss this ap-
peal without prejudice to the right of ei-
ther party to move the district court, un-
der Federal Rule of Civil Procedure 60(b),
to vacate its judgment. *See Pressley
Ridge Schools v. Shimer*, 134 F.3d 1218,
1222 (4th Cir.1998) (dismissing an appeal
without vacatur because the parties were
not cognizant of, nor briefed the court on,
whether vacatur was proper); *see also Va-
lero Terrestrial Corp. v. Paige*, 211 F.3d
112, 121 (4th Cir.2000) (holding that dis-
trict courts should consider the same fac-
tors of voluntariness and extraordinary
circumstances in considering vacatur as
courts of appeals).

*DISMISSED.*